U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 5 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0066-K |
| | § | NO. 3-98-CR-0299-K(01) |
| TEDDY WAYNE SOLOMON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Teddy Wayne Solomon, a federal prisoner, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed as successive.

I.

A jury convicted defendant of 13 counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 & 1343. Punishment was assessed at 293 months confinement, followed by supervised release for a period of three years, and $2.3 million in restitution. His conviction and sentence were affirmed on direct appeal. *United States v. Solomon*, 273 F.3d 1108 (Table), 2001 WL 1131955 (5th Cir. Sept. 21, 2001), *cert. denied*, 122 S.Ct. 1591 (2002). Defendant also filed three section 2255 motions, and numerous other motions seeking post-conviction relief. The first section 2255 motion was dismissed without prejudice because a direct appeal was pending. *United States v. Solomon*, No. 3-00-CV-2203-X (N.D. Tex. Nov. 27, 2000). The second section 2255 motion was denied on the merits. *United States v. Solomon*, No. 3-01-CV-2583-X, 2002 WL 913224 (N.D. Tex. Apr. 29, 2002), *COA denied*, No. 02-10679 (5th Cir. Nov. 6, 2002). The third section 2255 motion was dismissed as successive. *United States v. Solomon*, No. 3-04-CV-1621-R (N.D. Tex. Sept. 7, 2004).

All the other post-conviction motions either were denied or dismissed. *See United States v. Solomon*, No. 3-98-CR-299-X, 2001 WL 1609344 (N.D. Tex. Dec. 11, 2001) (petition for writ of error *coram nobis*); *United States v. Solomon*, No. 3-98-CR-299-R, 2002 WL 31557671 (N.D. Tex. Nov. 15, 2002) (Rule 60(b) motion for relief from judgment); *United States v. Solomon*, No. 3-98-CR-299-R (N.D. Tex. Mar. 22, 2005), *appeal dism'd*, No. 05-10633, 200 Fed.Appx. 315 (5th Cir. Sept. 14, 2006) (section 3582(c) motion to modify term of imprisonment).

In the instant motion, defendant alleges that all restitution has been paid and that the government has committed unspecified torts against him.[1] Before addressing these claims, the court must determine whether defendant can file a successive section 2255 motion without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive section 2255 motion, a defendant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1] Perhaps recognizing that a section 2255 motion is not the proper procedural device for litigating tort claims against the government, defendant has filed a separate civil action asserting those same claims. That action is currently pending before another judge in this district. *See Solomon v. Bureau of Prisons*, No. 3-10-CV-0069-N (N.D. Tex., filed Jan. 14, 2010).

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## RECOMMENDATION

Defendant's motion to vacate, set aside, or correct sentence should be dismissed without prejudice pending authorization by the court of appeals to file a successive motion in district court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE